**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **DAVID EMMANUEL GOMEZ TORRES,** <br> **Petitioner,** <br> **v.** <br> **TODD BLANCHE et al.,** <br> **Respondents.** | **NO. 5:26-cv-04209-KS** <br><br> **MEMORANDUM OPINION AND ORDER** |

Before the Court is the Petition for Writ of Habeas Corpus by a Person in Federal Custody ("Petition") filed by Petitioner David Emmanuel Gomez Torres ("Petitioner") on July 28, 2026. (Dkt. No. 1[1].) For the following reasons, the Petition is **GRANTED**.

## BACKGROUND

Petitioner is a 42-year-old native and citizen of Mexico. (Dkt. No. 1 ¶ 9.) He is currently detained at Desert View Annex in Adelanto, California. (*Id.*) Petitioner was placed in removal proceedings before the Adelanto Immigration Court pursuant to 8 U.S.C. § 1229a and has been detained since June 18, 2026. (*Id.* ¶¶ 20, 21.) According to Petitioner, Petitioner entered the

[1] The Court's page citations refer to the page numbers provided by its CM-ECF docketing system that appear near the top right corner of each page.

United States in June of 1996, at 11 years old, and "presented himself for inspection and admission at the San Diego port of entry via the pedestrian line where an immigration officer admitted him into the United States by waving him through." (*Id.* ¶ 15.) Petitioner alleges he has lived continuously in the United States since his entry in 1996—for approximately thirty years—and is the primary caregiver of his U.S. citizen wife and two U.S. children. (*Id.* ¶¶ 16-17.) He alleges he has held stable employment, working for the same employer for the past 11 years. (*Id.* ¶ 18.) Petitioner provided 15 support letters that attest to Petitioner's character and ties to his community. (Dkt. No. 1-8.) Aside from one conviction for driving under the influence from two years ago, Petitioner has no other criminal history. (*Id.* ¶ 19.) He has had no previous contact with immigration authorities. (Dkt. No. 8 at 3.)

On June 18, 2026, U.S. Immigration and Customs Enforcement ("ICE") agents stopped Petitioner in Los Angeles, California on his way to work. (*Id.* ¶ 20.) Petitioner alleges ICE agents claimed to have a warrant for Petitioner's arrest but presented no such warrant. (*Id.*) According to Petitioner, when Petitioner's wife asked why they were detaining him, an immigration officer approached her while pointing his gun at her. (*Id.*) A Notice to Appear ("NTA"), dated June 18, 2026, charges him as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i). *See* Dkt. No. 1-2 (alleging Petitioner is "a[] [noncitizen] present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General").

On July 22, 2026, an immigration judge ("IJ") issued a decision that the immigration court lacked jurisdiction to conduct a bond redetermination hearing. (Dkt. No. 1 ¶ 22.) During the hearing, Petitioner's counsel explained Petitioner's status as a Bond Eligible Class member certified in *Maldonado Bautista*. (*Id.* ¶ 63.) The order states:

> The Respondent does appear to be a Maldonado Bautista member. However, the Court has no jurisdiction to hear this bond claim. See Matter of Yajure-Hurtado, 29 I&N Dec. 216 (BIA 2025). In Order 26-1044, the 9th Circuit stayed the

> District Court's vacatur of *Yajure-Hurtado*, which in turn restores its binding and precedential nature. This Court is not free to ignore Yajure-Hurtado. 8 C.F.R. section 1003.1(g).

(Dkt. No. 1-10 at 2.) "The [i]mmigration [j]udge presiding over Petitioner's removal proceedings found that he was not admitted or paroled into the country. However, counsel reserved the issue for appeal." (Dkt. No. 8 at 3 n.1.)

On July 28, 2026, Petitioner, through counsel, filed the instant Petition (Dkt. No. 1), as well as ten supporting exhibits (Dkt. Nos. 1-1 to 1-10). Petitioner challenges his detention and continued confinement as violating due process; the Fourth Amendment; the Immigration and Nationality Act ("INA"), including 8 U.S.C § 1226(a); and the Administrative Procedure Act. (Dkt. No. 1 ¶¶ 29-69.) Petitioner requests, *inter alia*, that the Court grant the Petition requiring Respondents to immediately release Petitioner, or in the alternative, require Respondents provide Petitioner with a constitutionally compliant bond hearing within 7 days. (*Id.* at 20.)

On August 4, 2026, Respondents filed an Answer in which they concede that Petitioner is eligible for a bond redetermination hearing under 8 U.S.C § 1226(a) pursuant to *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026). (Dkt. No. 7 at 2.) Respondents, however, dispute that Petitioner is entitled to immediate release. (*Id.* at 3.) Respondents rely on Petitioner's "DUI conviction from 2024" to allege that his "criminal history is another factor weighing in favor of a hearing and against immediate release." (*Id.*)

Petitioner filed a Reply on August 7, 2026, reiterating that the Court should grant the Petition and order Petitioner's release. (Dkt. No. 8.) Specifically, Petitioner avers that release is the required remedy because a bond hearing before an IJ will not remedy ICE's due process violation in failing to provide a pre-detention process and because Petitioner has already received a bond redetermination hearing in which the "[i]mmigration [j]udge unlawfully applied 8 U.S.C. § 1225(b)(2)(A) instead of 8 U.S.C. § 1226 to deny Petitioner bond based on

a lack of jurisdiction and therefore violated both the INA and Petitioner's due process rights." (*Id.* at 2-7.)

## LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); 28 U.S.C. § 2241(c)(3). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." *Lopez-Marroquin v. Barr*, 955 F.3d 759 (9th Cir. 2020); *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001) (federal courts retain jurisdiction to consider habeas relief under § 2241 for noncitizens subject to detention following an order of removal).

## DISCUSSION

Petitioner asserts five claims for relief: (1) Petitioner's arrest without a pre-detention hearing violates his Fifth Amendment Procedural Due Process rights (Dkt. No. 1 ¶¶ 29-39); (2) Petitioner's arrest without a warrant violates 8 U.S.C. § 1226(a) (*id.* ¶¶ 40-48); (3) Petitioner's detention violates his Fourth Amendment right against unreasonable seizure (*id.* ¶¶ 49-51); (4) Petitioner's ongoing detention violates his due process rights (*id.* ¶¶ 52-60); and (5) Petitioner's detention violates the Immigration and Nationality Act, 8 U.S.C. § 1226(a) (*id.* ¶¶ 61-66). He maintains that release is the proper remedy for each of these claims. (*Id.* at 20). Respondents oppose the relief requested, arguing that the appropriate habeas relief is an individualized bond hearing. (Dkt. No. 7 at 2-3.) Because Respondents only oppose the relief

requested, and not the merits of the Petition, the Court only addresses Petitioner's claims under § 1226(a) to determine whether immediate release is appropriate.

Petitioner argues that he is entitled to release because, *inter alia*, Respondents unlawfully applied 8 U.S.C. § 1225(b)(2) to Petitioner. (Dkt. No. 1 ¶¶ 62, 66; Dkt. No. 8 at 5-6.) Rather, Petitioner contends he is detained under 8 U.S.C. § 1226(a). (Dkt. No. 1 ¶¶ 4, 42, 47, 66). Respondent "assum[es], without conceding, that [§ 1226(a)] controls Petitioner's habeas claims here." (Dkt. No. 7 at 2.) Respondents argue that the Court should only grant a bond redetermination hearing under § 1226(a). (Dkt. No. 2 at 2-3.) Petitioner, however, argues that due process, as well as § 1226(a), requires his outright release. (Dkt. No. 1 at 20; Dkt. No. 8 at 2-7.)

As the parties note, just days before Respondents filed their Answer, the Ninth Circuit held in *Rodriguez Vazquez v. Bostock* that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." 183 F.4th 1160, 1193 (9th Cir. 2026).

Here, the IJ "presiding over Petitioner's removal proceedings found that he was not admitted or paroled into the country," although counsel has reserved the issue for appeal. (Dkt. No. 8 at 3 n.1.) Given that Respondent assumes that § 1226 applies here (Dkt. No. 7 at 2) and that the IJ determined that Petitioner is a *Maldonado Bautista* member after Petitioner explained this during the July 22 bond hearing (Dkt. No. 1-10 at 2; Dkt. No. 1 ¶ 63), the Court also assumes that, for the purpose of this Petition, Petitioner's arrest, detention, and release are controlled by § 1226(a), not § 1225(b)(2).

This Petition, like many others, "is the product of the Government's noncompliance with the class-wide relief and final judgment entered in *Maldonado Bautista*." *Orea Ruiz v. Acting Warden, Adelanto Det. Ctr.*, 5:26-cv-4807-MBK, 2026 WL 2644102, at *7 (C.D. Cal. Sept.

10, 2026); *see also Maldonado Bautista v. Santacruz*, 820 F. Supp. 3d 1016, 1023 (C.D. Cal. 2026) (discussing "ample evidence" of the Government's systematic noncompliance). On December 18, 2025, in *Maldonado Bautista v. Santacruz*, 813 F. Supp. 3d 1084 (C.D. Cal. 2025), the district court granted a "Motion for Class Certification as to the Bond Eligible Class." 813 F. Supp. 3d at 1127. The "Bond Eligible Class" was defined as:

> All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.

*Id.* Moreover, the district court declared that "pursuant to [immigration] regulations, the Bond Eligible Class members are detained under 8 U.S.C. § 1226(a), are not subject to mandatory detention under § 1225(b)(2), and are entitled to consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge." *Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485, at *1 (C.D. Cal. Dec. 18, 2025). On February 18, 2026, the *Maldonado Bautista* court issued a post-judgment order vacating the BIA's decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). *Maldonado Bautista*, 820 F. Supp. at 1030. In *Matter of Yajure Hurtado*, the Board of Immigration Appeals adopted an interpretation that noncitizens who entered without inspection are subject to detention under § 1225(b)(2)(A), rather than § 1226(a), and may not be released from ICE custody except by parole. *Rodriguez Vazquez*, 183 F.4th at 1170. On March 6, 2026, the Ninth Circuit granted an administrative stay of the district court's: (1) December 18, 2025 declaratory judgment; and (2) February 18, 2026 order granting the petitioners' motion to enforce the judgment and vacating *Matter of Yajure Hurtado* decision. *Maldonado Bautista v. U.S. Dep't of Homeland Sec.*, No. 26-1044, Dkt. No. 17 (9th Cir. 2026). However, the Ninth Circuit clarified that "the December 18, 2025 judgment remains in place as to the Central District of California." *Id.* Thus, although the Ninth Circuit's

decision in *Rodriguez Vazquez* came down on July 30, about a week after the bond redetermination hearing, the December 18, 2025 judgment remained effective and enforceable within the Central District of California, where Petitioner's bond redetermination hearing was held, at the time of the bond redetermination hearing. Thus, the IJ incorrectly determined that it did not have jurisdiction to consider Petitioner's bond.

Petitioner argues that his arrest and ongoing detention violate § 1226(a). (Dkt. No. 1 ¶¶ 40-48, 61-66.) The Ninth Circuit has explained that:

> Section 1226(a) and its implementing regulations provide extensive procedural protections that are unavailable under other detention provisions, including several layers of review of the agency's initial custody determination, an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change.

*Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1202 (9th Cir. 2022); *see also Orea Ruiz*, 2026 WL 2644102, at *7 ("Section 1226(a) provides critical protections that safeguard Petitioner's due process protected interest in freedom from arbitrary confinement."); *Garcia-Maya v. Blanche*, No. 2:26-CV-01513-RFB-BNW, 2026 WL 1965886, at *5 (D. Nev. July 7, 2026) ("Section 1226(a) and its regulations guarantee noncitizens detained under that provision multiple levels of substantial procedural protections against the erroneous deprivation of their liberty." (citation modified)).

"Section 1226(a) 'sets out the general rule' for 'the arrest, detention, and release' of '[noncitizens] present in the country' 'who are believed to be subject to removal.'" *Orea Ruiz*, 2026 WL 2644102, at *3 (quoting *Nielsen v. Preap*, 586 U.S. 392, 396 (2019)). The procedural protections under § 1226(a) and its regulations include, *inter alia*: (1) a general requirement that arrest of a noncitizen requires an administrative warrant (Form I-200) issued by certain

immigration officers, *see* 8 C.F.R. § 236.1(b)[2]; (2) an initial custody determination by a Department of Homeland Security ("DHS") officer shortly at the outset of detention, in which the noncitizen has the opportunity to "demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the [noncitizen] is likely to appear for any future proceeding," *see* 8 C.F.R. § 1236.1(c)(8); (3) the right to seek review of the officer's initial custody determination through a prompt bond hearing before an IJ based on individualized evidence, wherein the IJ will order release on bond if the noncitizen establishes that they are not "a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk," *Rodriguez Diaz*, 53 F.4th at 1197 (quoting *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006)); (4) the right to appeal an adverse IJ bond decision to the BIA, *see Rodriguez Diaz*, 53 F.4th at 1197 (citing 8 C.F.R. § 236.1(d)(3)); and (5) the right to "request an additional bond hearing whenever he experiences a material change in circumstances," *Rodriguez Diaz*, 53 F.4th at 1197. *See Orea Ruiz*, 2026 WL 2644102, at *4 (explaining this statutory and regulatory framework of § 1226(a)); *Garcia-Maya*, 2026 WL 1965886, at *4 (listing such § 1226(a) protections); *Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-CV-05661-DAD-SCR (HC), 2026 WL 2294963, at *2 (E.D. Cal. Aug. 10, 2026) (listing cases where courts have determined such violations of the § 1226(a) requirements to be "a sufficient basis mandating a petitioner's release").

Here, Petitioner contends, and Respondents do not dispute, that Petitioner was not provided the process that he was statutorily entitled to under § 1226(a). (Dkt. No. 1 ¶¶ 40-48). At a minimum, Respondents did not provide Petitioner with a warrant for his arrest and Petitioner had no individualized bond hearing to determine whether he was a danger to the community or flight risk. Thus, the Court finds that Respondents did not comply with § 1226(a)'s requirements and Petitioner's detention has been "unlawful from the outset." *Orea*

[2] For a DHS officer to conduct a warrantless arrest, they must have "probable cause to believe a person is subject to removal and 'is likely to escape before a warrant can be obtained for his arrest.'" *Orea Ruiz*, 2026 WL 2644102, at *3 (quoting 8 U.S.C. § 1357(a)(2)).

*Ruiz*, 2026 WL 2644102, at *7; *see Torres Huerta v. Facility Adm'r, Cent. Valley Annex ICE Processing Ctr.*, No. 1:26-cv-04609 (VC), 2026 WL 2751763, at *1 (E.D. Cal. Sept. 16, 2026) (finding that, because respondents "have not argued that Petitioner was provided the process to which he was statutorily entitled to under § 1226(a), or that Petitioner may be a danger to the community or flight risk if released, his continued detention without any kind of custody determination is unlawful"); *Zurita Navarro*, 2026 WL 2294963, at *2 (finding petitioner's detention unlawful where respondent failed to provide a warrant of arrest, to indicate whether an authorized immigration official made an initial custody determination, or to provide the basis for custody or whether petitioner had notice).

**RELIEF**

In his Petition, Petitioner requests immediate release. (Dkt. No. 1 at 20.) Although Respondents do not challenge Petitioner's entitlement to a bond hearing, they contend that Petitioner is not entitled to immediate release. (Dkt. No. 7 at 2.)

"In habeas cases, federal courts have broad discretion in conditioning a judgment granting relief." *Lujan v. Garcia*, 734 F.3d 917, 933 (9th Cir. 2013); *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005) ("Federal courts have a fair amount of flexibility in fashioning specific habeas relief."); *see also Perera v. Jennings*, 598 F. Supp. 3d 736, 742 (N.D. Cal. 2022) ("Declaratory and injunctive relief are proper habeas remedies."). "The Court is mindful that '[i]njunctive relief should be no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs before the court.'" *Kun v. Janecka*, No. ED CV 26-1280-DMG (AYP), 2026 WL 931541, at *5 (C.D. Cal. Apr. 3, 2026) (quoting *E. Bay Sanctuary Covenant v. Biden*, 993 F.3d 640, 680 (9th Cir. 2021)). However, Petitioner has already had a bond hearing that failed to comply with *Maldonado Bautista* after the immigration court concluded that it lacked jurisdiction under § 1225(b)(2) and *Matter of Yajure Hurtado*. "While the Government has appealed the *Maldonado Bautista* final judgment, 'the government is

rebelling against the basic principle underlying our constitutional order that an order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until it is reversed by orderly and proper proceedings.'" *Orea Ruiz*, 2026 WL 2644102, at *7 (quoting *Garcia-Maya*, 2026 WL 1965886, at *9).

Thus, consistent with other courts, this Court finds that immediate release is appropriate, given that a § 1226(a) bond hearing would likely be futile. *See, e.g.*, *Ramirez v. Janecka*, No. 5:26-cv-04198-ACCV, 2026 WL 2352892, at *4 (C.D. Cal. Aug. 12, 2026) ("[B]ased on the undisputed facts in the record, an order by this Court requiring another bond hearing that complies with the *Bautista* Judgment, and the *Rodriguez Vasquez v. Bostock* decision, would be futile in light of the contrary administrative authority from the BIA, which the Immigration Judge has already made clear he will follow."); *Orea Ruiz*, 2026 WL 2644102, at *7 ("Release is particularly warranted given the Government's continued refusal to comply with the *Maldonado Bautista* final judgment."); *Kun*, 2026 WL 931541, at *5 ("To the extent immigration judges consistently invoke [*Matter of Yajure*] *Hurtado* as governing authority to deny bond in analogous cases, the Court is inclined to agree with Petitioner that ordering a *Bautista* section 1226(a) bond hearing as a remedial measure would likely be futile."); *Contreras v. Mullin*, No. 5:26-cv-01502-AJR, 2026 WL 1679034, at *3-4 (C.D. Cal. Apr. 10, 2026) (ordering immediate release where petitioner's statutory and constitutional rights were violated when the immigration judge did not comply with *Maldonado Bautista* by denying bond based on lack of jurisdiction); *Aguilar v. Mullin*, No. CV 26-3709-AS, 2026 WL 1196090, at *4 (C.D. Cal. Apr. 28, 2026) ("[U]nder the circumstances set forth herein, the Court concludes that ordering Respondents to provide another bond hearing that complies with the December 18, 2025 declaratory judgment in *Bautista* would be futile."); *Garcia Lopez v. Semaia*, No. 5:26-cv-04368 DSR, 2026 WL 2337617, at *3 (C.D. Cal. Aug. 12, 2026) ("[O]rdering another bond hearing that complies with the *Maldonado Bautista* judgment, and the *Rodriguez Vasquez* [sic] decision (as Respondents propose), would be futile in light of the contrary administrative authority from the BIA. Many courts in this District have recently

reached the same conclusion."); *Procopio v. Mullin*, No. 5:26-cv-01793-SP, 2026 WL 1045658, at *3 (C.D. Cal. Apr. 13, 2026) (finding that, because immigration judges continue to rely on *Matter of Yajure Hurtado* to deny bond, ordering a bond hearing would likely be futile, and ordering immediate release was the proper remedy).

Moreover, immediate release is the appropriate remedy for this Petition because this Court has found that "Petitioner's detention has been unlawful from the outset," as Petitioner was not provided the process to which he was statutorily entitled to under § 1226(a), and Respondents provide *no* valid justification for how Petitioner, even considering his 2024 conviction, may be a danger to the community or flight risk if released. *Orea Ruiz*, 2026 WL 2644102, at *7; *see Cabrera Argueta v. Chestnut*, No. 1:26-cv-04445-NW, 2026 WL 2664606, at *3 (E.D. Cal. Sept. 10, 2016) (finding that immediate release is the appropriate remedy where petitioner was arrested without an administrative warrant and had no opportunity to challenge his continued detention); *Garcia-Maya*, 2026 WL 1965886, at *10 ("Ordering a bond hearing here 'would effectively allow the Government to transform an unlawful detention into a lawful one through *post-hoc* justifications' and would inadequately remedy the harms Petitioner has suffered." (quoting *Zheng v. Rokosky*, 826 F.Supp.3d 545, 563 (D.N.J. 2026))); *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025) ("Although the Government notes that Petitioner may request a bond hearing while detained, such a post-deprivation hearing cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty."); *Domingo v. Kaiser*, No. 25-CV-05893 (RFL), 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) ("Even if Petitioner[] received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the subject of his motion: that is, his potentially erroneous detention."); *Aguilar*, 2026 WL 1196090, at *4 ("[I]mmediate release from custody is the only means to provide complete relief to Petitioner.").

\\

\\

Respondents cite a decision from this Court to argue that a bond hearing is appropriate: "Considering § 1226(a)'s discretionary detention framework, and the absence of any prior release on bond pursuant to § 1226(a), this Court finds that an order directing respondents to provide a bond hearing, rather than immediate release, is the appropriate remedy." *Fuentes v. Mullin*, No. 5:26-CV-01651-KS, 2026 WL 1847436, at *8 (C.D. Cal. June 25, 2026) (quoting *Lopez v. Warden, Cent. Valley Annex*, No. 1:26-cv-03666 DAD CSK, 2026 WL 1679328, at *5 (E.D. Cal. June 10, 2026), *report and recommendation adopted in part, rejected in part*, No. 1:26-CV-03666-DAD-CSK (HC), 2026 WL 2018612 (E.D. Cal. July 13, 2026)). However, in granting such relief, *Fuentes* quotes a Report and Recommendation from *Lopez*, and the district court specifically "decline[d] to adopt the findings and recommendations as to the recommended remedy." *Vargas Lopez v. Warden, Cent. Valley Annex*, No. 1:26-CV-03666-DAD-CSK (HC), 2026 WL 2018612, at *1 (E.D. Cal. July 13, 2026). The court instead found that immediate release was the appropriate remedy, given that respondents had not provided petitioner with the requisite bond hearing under § 1226(a) for several months, despite respondents' ample opportunity to do so. Here, too, Respondents have detained Petitioner for several months without providing Petitioner with the requisite § 1226(a) bond hearing, despite having ample opportunity to do so. Thus, the Court finds that immediate release is the appropriate relief.

Moreover, "Petitioner's release is necessary to return him to the status quo." *Nazarian v. Noem*, Case No. 5:25-cv-KK-DSR, 2025 WL 3236209, at *7 (C.D. Cal. Nov. 3, 2025); *see Huerta Reyes v. Santacruz*, No. ED CV 26-3394-E, 2026 WL 2069974, at *2 (C.D. Cal. July 13, 2026) ("The most appropriate remedy for this violation would be to return Petitioner to the previous status quo by releasing him from detention.") Indeed, "the purpose of habeas remedies is to put the defendant back in the position he would have been in if the constitutional violation never occurred." *Lujan*, 734 F.3d at 935 (citation modified).

\\

\\

Petitioner also requests that "Respondents be restrained from re-detaining Petitioner for any purpose, without providing notice and a pre-detention hearing before an immigration judge." (Dkt. No. 1 at 20.) Consistent with other courts, the Court enjoins Respondents from re-detaining Petitioner without notice and a meaningful opportunity to be heard before a neutral decisionmaker to determine whether material changed circumstances justify his detention. *See, e.g.*, *Orea Ruiz*, 2026 WL 2644102, at *7; *Torres Huerta*, 2026 WL 2751763, at *2.

## ORDER

For the foregoing reasons, the Petition is **GRANTED**. **IT IS ORDERED** that Respondents shall immediately release Petitioner David Emmanuel Gomez Torres (A-Number 246-061-807) from custody. Respondents shall file a notice within three (3) days of this Order confirming Petitioner's release. **IT IS FURTHER ORDERED** that Respondents are enjoined from re-detaining Petitioner without notice and a meaningful opportunity to be heard before a neutral decisionmaker, at which the Government must show material changed circumstances justifying his detention.[3] Judgment will be entered accordingly.

DATED: September 21, 2026

Karen L. Stevenson
HON. KAREN L. STEVENSON
CHIEF U.S. MAGISTRATE JUDGE

[3] Petitioner also requests an award of costs and attorney fees. (Dkt. No. 1 at 20.) Any request for costs and fees must be filed separately and in accordance with the deadlines set by the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.